UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GUILLERMO VICENTE VICENTE,

Petitioner,

v. Case No.: 2:26-cv-02854-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

/

**OPINION AND ORDER**

Before the Court are Guillermo Vicente Vicente's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Vicente Vicente is a native and citizen of Guatemala who entered the United States without inspection on September 15, 1996. On June 9, 2018, he was involved in a vehicle accident and gave police false information about his identity. On August 8, 2018, Immigration and Customs Enforcement (ICE) took him into custody and commenced removal proceedings by issuing a notice to appear. An immigration judge ordered Vicente Vicente released on $10,000 bond twelve days later. On October 29, 2025, an immigration judge ordered him removed to Guatemala. Vicente Vicente appealed, so the removal order is not administratively final. On July 27, 2026, ICE officers arrested Vicente

Vicente during a traffic stop. He is currently detained at Glades County Detention Center.

Vicente Vicente claims his detention violates the Due Process Clause of the Fifth Amendment. In response, the government certifies it is detaining Vicente Vicente under 8 U.S.C. § 1226(a), acknowledges he is entitled to a bond hearing, and argues he failed to exhaust administrative remedies by requesting one. But Vicente Vicente had a bond hearing in 2018. It resulted in release on $10,000 bond. 8 C.F.R. § 236.1(c)(9) gives certain officials discretion to revoke release and return a noncitizen to government custody, but that did not occur here.[1] There is no evidence that any official with discretion to revoke Vicente Vicente's release was involved in his re-detention. For its part, the government does not argue any official revoked his release or that there was good cause to do so. *See Alcocer v. Mills*, 906 F.3d 944, 953-54 (11th Cir. 2018) (holding that the government may not continue to detain someone who has satisfied bond conditions absent independent probable cause).

The Court turns to the merits of Vicente Vicente's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life,

[1] The officials who have authority to revoke release are "the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign)[.]" 8 C.F.R. § 236.1(c)(9).

liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private

interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Vicente Vicente's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). The immigration judge who considered Vicente Vicente's circumstances in 2018 released him on a $10,000 bond. That bond has not been revoked, no official with authority to revoke it took part in Vicente Vicente's recent arrest, and the government has provided no reason to justify its revocation. Rather, Vicente Vicente's arrest was an apparently arbitrary action made without regard to his circumstances. Without some consideration of the facts, there is nothing to ensure

immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Vicente Vicente's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. Vicente Vicente's detention serves neither purpose. He remains subject to the terms of his release on bond, and the government provides no reason to believe those terms are suddenly insufficient. Nor does the government claim he has ever violated them. The record is devoid of any evidence suggesting Vicente Vicente is a flight risk. Nor is there evidence he is a danger to the community. He has no criminal history other than charges related to the 2018 vehicle accident, and the immigration judge who ordered his release took them into account.

For these reasons, the Court finds that the government violated Vicente Vicente's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby

**ORDERED**:

Guillermo Vicente Vicente's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Vicente Vicente and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record